UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM PALAZZOLO,

    Plaintiff,

v.

UNIVERSITY OF MICHIGAN HOSPITAL,

    Defendants.

                                         /

Case No. 10-10650

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**
(docket no. 2) **AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915**

On February 16, 2010, Plaintiff William Palazzolo ("Palazzolo") filed a pro se complaint along with an application to proceed without prepay of fees, or *in forma pauperis* ("IFP"). Docket nos. 1 & 2. Having reviewed both the application and the complaint, the Court has determined that Palazzolo is able to pay the filling fee and that the complaint should be dismissed *sua sponte*. Palazzolo's application to proceed IFP will be denied and his complaint dismissed.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915 (a)(1). The district court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Having examined Palazzolo's application, the Court concludes that his claim of hardship is not supported by his application. While he claims that he owes $20,000 more on his condominium than it is worth, he is employed and earns $1,600 monthly. *See*

Application at 1-2. Likewise, he owns an annuity worth $20,000 and has $200 in his checking account. Application at 2. Based on these disclosures, the Court will not grant Palazzolo's application to proceed without prepayment of fees under 28 U.S.C. § 1915. This denial will be without prejudice, however. If the plaintiff has additional facts that would support his claim of hardship he may file another request to proceed in forma pauperis.

Title 28 U.S.C. § 1915(e)(2)(B) provides that, in cases when a plaintiff is proceeding, or attempting to proceed, *in forma pauperis*, the court shall dismiss the case at any time if the court determines that the action is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(i)-(ii). To state a valid claim, the plaintiff's factual allegations must demonstrate a plausible entitlement to relief. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 564 (2007). To be plausible, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl.*, 550 U.S. at 556).

The Federal Rules of Civil Procedure do not require a plaintiff to set forth in detail the facts upon which the claim is based. The Rules only require "a short plain statement of the claim" that gives the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. Fed. R. Civ. P. 8(a). This standard requires the plaintiff only put forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the requisite elements of the claim]" *Bell Atl.*, 550 U.S. at 556. Although *pro se* complaints are to be liberally construed, Palazzolo fails to meet the relatively low threshold set forth in Fed R. Civ. P. 8(a). see *Boag v. McDougall*, 454 U.S. 364, 365 (1982).

Palazzolo has filed a complaint for employment discrimination under Title VII of the Civil Rights Act of 1964. In this threadbare complaint, Palazzolo claims that he was

2

discriminated on the basis of gender, age, and disability. Compl. p. 1.  The only factual basis he provides the Court with for this assertion is the boxes he checked on the form complaint.  Moreover, although Palazzolo claims a disability, his complaint fails to say how he is disabled.  Likewise, Palazzolo's complaint makes no mention of how his gender, age, or alleged disability influenced University of Michigan Hospital's decision not to hire him.  Because Palazzolo's complaint provides so little information, the Court is unable to ascertain the factual basis for his claims, nor is it able to discern the grounds upon which Palazzolo's claims rest.  Even assuming the allegations in the complaint are true, because Palazzolo offers the Court nothing in the way of concrete factual allegations, the Court is unable to determine if his right to relief is above the speculative level.

In drafting his complaint, Palazzolo has failed to comply with Rule 8(a) in every respect.  His complaint, therefore does not meet the minimal pleading requirements which require only that Plaintiff give Defendant fair notice of the claims being asserted and he grounds upon which such claims rest.   Accordingly, the Court will dismiss his complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).   This dismissal will be without prejudice, so that the plaintiff may refile his complaint if he can plead any facts that will support his claim for relief.

**WHEREFORE,** it is hereby **ORDERED** that:

Palazzolo's application to proceed *in forma pauperis* (docket no 2) is **DENIED WITHOUT PREJUDICE.**

Palazzolo's complaint (docket no. 1) is **DISMISSED WITHOUT PREJUDICE** *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: April 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 30, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager